EXHIBIT A

State Court of Fulton County
**E-FILED**
24EV011172
12/16/2024 4:13 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ■ State Court of _____ FULTON _____ County

| For Clerk Use Only |
|---|
| Date Filed _____ |
| **MM-DD-YYYY** |
| Case Number _____ |

**Plaintiff(s)**

WEI        YANPING

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

DELTA        AIR        LINES        INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ■ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
    **Case Number**                       **Case Number**

■ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

State Court of Fulton County
**E-FILED**
24EV011172
12/16/2024 4:13 PM
Donald Talley, Clerk
Civil Division

CIVIL ACTION FILE #: _____

YANPING WEI
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

DELTA AIR LINES, INC.
_____
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Benjamin O. Bengtson

Address: 1100 Circle 75 Pkwy, Suite 460

City, State, Zip Code: Atlanta, GA 30339          Phone No.: 404-596-5518

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
24EV011172
12/16/2024 4:13 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| YANPING WEI, | |
| Plaintiff, | CIVIL ACTION NO.: |
| v. | |
| DELTA AIR LINES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Yanping Wei, Plaintiff, in the above styled action, and brings this Complaint for Damages, respectfully showing this Honorable Court the following:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Yanping Wei (hereinafter "Plaintiff"), is a resident and citizen of the People's Republic of China.

2. Plaintiff maintains her principal and permanent residence in the People's Republic of China.

3. Defendant Delta Air Lines, Inc. (hereinafter "Defendant") is a Foreign Profit Corporation with its Principal Office located at: 1030 Delta Blvd., Dept. 982, Atlanta, GA 30354 and may be served with a copy of this Complaint and Summons via its Registered Agent located at: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

4. Jurisdiction is proper in this Court.

5. Venue is proper in this Court.

**FACTUAL NARRATIVE**

6. On or around October 30, 2023, Plaintiff purchased a ticket from Defendant for a round-trip

international flight from Shanghai, China to Detroit, Michigan, USA that was scheduled for December 22, 2023.

7.  On December 22, 2023, Plaintiff's boarded Delta Air Lines Flight Number 388, and departed from Shanghai-Pudong International Airport, Shanghai, China for its destination of Detroit Metropolitan International Airport, Detroit, Michigan, USA.

8.  At all times relevant to this action, Plaintiff was ticketed passenger on Delta Air Lines Flight Number 388.

9.  While enroute from Shanghai to Detroit, Plaintiff exited her seat to use the onboard lavatory.

10.  While approaching the lavatory, the lavatory door suddenly and unexpectedly swung open and struck Plaintiff in the face.

11.  Plaintiff suffered numerous bodily injuries to her face.

12.  Plaintiff suffered from mental anguish that directly resulted from her injuries.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT DELTA AIR LINES, INC.:**

*LIABILITY UNDER ARTICLE 17 OF THE CONVENTION FOR THE UNIFICATION OF CERTAIN RULES FOR INTERNATIONAL CARRIAGE BY AIR, DONE AT MONTREAL ON 28 MAY 1999 ("Montreal Convention").*

13.  Plaintiff re-alleges the above paragraphs as if fully set forth herein.

14.  The Montreal Convention is the governing source of law in this claim.

15.  The Monteal Convention applies to this dispute because Plaintiff suffered injury on board an international flight between Shanghai, China and Detroit, Michigan, USA, which qualifies as an international flight because the place of departure, Shanghai, China, and the place of arrival, Detroit, Michigan, USA, are two separate states.

16.  Both the United States of America and the People's Republic of China are signatories of the Montreal Convention.

17. Defendants' International General Rules Tariff specifically requires application of the Montreal Convention because Plaintiff's injuries occurred on board an aircraft while undergoing an international flight.

18. Defendant is liable to Plaintiff under the Montreal Convention because Plaintiff suffered an accident that caused Plaintiff to suffer bodily injury while on board an international aircraft operated by Defendant.

19. Plaintiff suffered an accident under the Montreal Convention because the sudden and un-commanded swinging open of the lavatory door did not occur in the normal and expected operation of the aircraft which was external to the control of the passenger.

20. The sudden and un-commanded opening of the lavatory door was a violation of Defendant's maintenance policies and industry standards.

21. Plaintiff suffered numerous bodily injuries as a result of being struck in the face unexpectedly by the lavatory door including bruising and lacerations on the face and gumline and missing teeth.

22. Plaintiff suffered mental anguish that flowed naturally, directly, and proximately from the physical injuries suffered by Plaintiff.

23. Plaintiff's injuries took place on board the aircraft because she suffered physical and mental anguish injuries while onboard Delta Flight No. 388 while enroute from Shanghai, China, to Detroit, Michigan, USA.

24. Because Plaintiff suffered bodily injury under Article 17 of the Montreal Convention on or around December 22, 2023, Defendant shall not be able to exclude or limit its liability up to 128,821 Special Drawing Rights.

**DAMAGES AND PRAYER**

25. Plaintiff re-alleges the above paragraphs as if fully set forth herein.

26. As a direct and proximate result of the actions of Defendant(s), Plaintiff has suffered the following losses:

    (a)    Various bodily injuries;

    (b)    Past, present and future mental and physical pain and suffering, disruption of normal life, and diminution in the enjoyment of life;

    (c)    Past, present and future medical expenses;

    (d)    Lost wages and a diminished capacity to earn a living;

    (e)    Other damages as will be proven at trial and permitted under Georgia law.

WHEREFORE, Plaintiff prays and respectfully requests the following:

    (a)    That process and summons be issued and be served upon the Defendants;

    (b)    That this matter be tried to a jury of twelve persons;

    (c)    That judgment for general damages and be awarded to the Plaintiff in an amount to be determined by the enlightened conscience of a fair and impartial jury;

    (d)    That judgment be awarded to the Plaintiff for those special damages proven at trial, including but not limited to the following

    (e)    That the cost of this action be cast upon the Defendant; and

    (f)    That the Plaintiff have such other further relief as this Court deems appropriate

*[signature on following page]*

Respectfully submitted December 16, 2024


_____
BENJAMIN O. BENGTSON, ESQ.
Georgia State Bar No. 122973
Attorney for Plaintiff
JUSTIN G. HITES, ESQ.
Georgia State Bar No. 823922
Attorney for Plaintiff


**THE LAW FIRM OF BENJAMIN O. BENGTSON**
1100 Circle 75 Pkwy
Suite 460
Atlanta, Georgia 30339
(404) 596-5518
(404) 596-5519 – Fax
ben@boblawfirm.com
jt@boblawfirm.com
ts@boblawfirm.com
dg@boblawfirm.com

State Court of Fulton County
**E-FILED**
24EV011172
12/16/2024 4:13 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

YANPING WEI,

     Plaintiff,

v.

DELTA AIR LINES, INC.,

     Defendant.

CIVIL ACTION NO.:

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DELTA AIR LINES, INC.

COMES NOW, Yanping Wei, Plaintiff in the above-styled action, and pursuant to O.C.G.A. § 9-11-36, hereby serves this her First Requests for Admission to Defendant Delta Air Lines, Inc.

### Instructions

A. It is hereby requested that you respond separately in writing to the following requests within the time period allowed by Georgia law and serve a copy of your responses upon counsel of record for the Plaintiff.

B. Answers should specifically deny the matter or set forth in detail and the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that this Defendant qualify an answer or deny only a part of the matter of which an admission is requested, this Defendant shall specify so much of it as is true and qualify or deny the remainder. This Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless this Defendant states that she has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

C. This Defendant is advised that if it fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring this Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

## REQUEST FOR ADMISSIONS

1. Admit that you were properly named as a Defendant in this case.

2. Admit that service was proper.

3. Admit that venue is proper in this Court.

4. Admit that jurisdiction is proper in this Court.

5. Admit that on the accident date referenced in the Complaint, you, your employee(s), agent(s) or representative(s), operated Delta Flight 388 on December 22, 2023, from Shanghai, China to Detroit, Michigan, USA.

6. Admit that you, your employee(s), agent(s) or representative(s) caused serious injuries to Plaintiff.

7. Admit that Plaintiff was on board as a ticketed passenger on flight 388 that departed from Shanghai, China which arrived at Detroit, Michigan, USA on or around December 22, 2023.

8. Admit that, at the time of the incident described in the Complaint, you, your employee(s), agent(s) or representative(s) failed to ensure the safe condition of the lavatory door that swung open unexpectedly causing harm to Plaintiff as described in the Complaint.

9. Admit that there was no failure to act by Plaintiff that contributed to the incident that is the subject of the Complaint.

10. Admit that there was no failure to act on the part of anyone, other than you, your employee(s), agent(s) or representative(s) which contributed to the bodily injury.

11. Admit that you are liable to Plaintiff for the incident that is the subject of the Complaint.

12. Admit that to your knowledge there are no nonparties that are at fault or that otherwise contributed to some degree to the injury or damages alleged by the Plaintiff.

13. Admit that Plaintiff suffered serious bodily injuries as a result of the incident complained of in the Complaint.

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DELTA AIR LINES, INC.

1. State the name and address of any person, including any party, who, to your knowledge, information or belief: Was an **eyewitness** to the incident complained of in this action; Has **some knowledge** of any fact or circumstance upon which your defense is based; Has **conducted any investigation** relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

2. To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

3. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

4. Please identify any **entity or person with any financial interest, lease or ownership interest** in the aircraft where the incident occurred on the date of the incident.

5. To your knowledge, information or belief, are there any **videotapes, photographs**, plats or drawings of the scene of the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

6. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, all such videotapes, photographs, plats or drawings. In lieu thereof, you may attach copies to your answers to these interrogatories.

7. Have there been any **similar incidents** on the premises or approaches to the premises for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state: Date of incident; Name, address and telephone number of injured person; Description of incident.

8. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph for the five-year period preceding this incident and the one-year period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9. Please state the identity of **each person working on the premises** with any duties for the area where this incident occurred on the date of this incident.

10. Has any entity issued a policy of liability **insurance** to the defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

11. Has any insurer referred to above **denied coverage** or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

12. Do you contend that the **plaintiff caused or contributed** to the incident in question? If so, state with particularity each and every contention made in this regard.

13. Do you contend that some **other person** or entity is liable for, caused or contributed to the incident in question? If so, identify such persons or entities and each and every contention made with respect to their involvement in the incident.

14. If you intend to call any **expert** or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

15. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA*

*30339*, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any **documents obtained through a request for production of documents** or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17. Please state in detail any **policies and procedures** concerning the method of conducting manicure service of invitees where this incident occurred.

18. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any and all policy and procedure manuals given to the defendant's employees. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20. In regard to any document that has not been produced on grounds of **privilege**, please state the following: The date each document was generated; The person generating each document; The present custodian of each document; A description of each document.

21. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22. Please identify each and every **person working for the defendant** on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

23. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, the payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

24. Have there ever been **any complaints** made about manicure services provided by your nail technicians where this incident occurred for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state: The date(s) of each complaint; The person(s) making each complaint; The nature of each complaint; Any action taken as a result of each complaint.

25. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory for the five-year period preceding this incident and the one-year period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any incident report or other report concerning the incident described in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any **maps**, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred. In lieu thereof, you may attach copies to your answers to these interrogatories.

28. Were there any contracts or agreements with other individuals or entities regarding the training and supervision of the nail technicians where the incident occurred as described in the complaint? If so, state: The identity of the **contracting parties**; The address and telephone number of the contracting parties; The duties of the contracting parties.

29. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any and all leases or contracts with outside contractors or agencies for performance of training and supervision services in the area where the incident occurred. In lieu thereof, you may attach copies to your answers to these interrogatories.

30. Please identify each and every **witness or employee in the vicinity** of the area where the incident occurred at the time of the incident. In regard to each employee, please state: The name of each person; The address of each person; The telephone number of each person; The shift worked by each person if an employee; The job duties and responsibilities of each person if an employee.

31. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other **documents concerning the plaintiff**. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any invoices, records, proposals, work orders, maintenance records or other **documents for work performed in the area where this incident occurred** for the five-year period preceding this incident and the one-year period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any **changes made to policies**, procedures, protocols, rules, regulations and guidelines

since this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any **surveillance videos** taken on the day of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any maintenance records, work orders or other **documents concerning the area** where this incident occurred and **the nail technician who cause Plaintiff's injuries**, for the five-year period preceding this incident and the one-year period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

36. Please describe any **inspection procedures** utilized in regard to the area where this incident occurred.

37. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38. Have there been any audits, **inspections** or evaluations of the area where incident occurred and/or the nail technician who caused Plaintiff's injuries for the five-year period preceding this incident and the one-year period subsequent to this incident?

39. Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of *Benjamin O. Bengtson 1100 Circle 75 Pkwy Suite 460 Atlanta, GA 30339*, any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the incident occurred for the five-year period preceding this incident and the one-year

period subsequent to this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Respectfully submitted December 16, 2024


_____
BENJAMIN O. BENGTSON, ESQ.
Georgia State Bar No. 122973
Attorney for Plaintiff
JUSTIN G. HITES, ESQ.
Georgia State Bar No. 823922
Attorney for Plaintiff

**THE LAW FIRM OF BENJAMIN O. BENGTSON**
1100 Circle 75 Pkwy
Suite 460
Atlanta, Georgia 30339
(404) 596-5518
(404) 596-5519 – Fax
ben@boblawfirm.com
jt@boblawfirm.com
ts@boblawfirm.com
dg@boblawfirm.com

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

YANPING WEI,

       Plaintiff,

v.

DELTA AIR LINES, INC.,

       Defendant.

CIVIL ACTION NO.:

## CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the foregoing *Request for Admissions, Interrogatories and Request for Production of Documents,* upon the defendants in this action by

☐ U.S. Mail to:

☒ Hand Delivery to:    Delta Airlines c/o Corporation Service Company, R/A
*Defendant*
2 Cun Court, Suite 400
Peachtree Corners, GA 30092

Respectfully submitted this 16th day of December 2024.

*[signature on following page]*

BENJAMIN O. BENGTSON, ESQ.
Georgia State Bar No. 122973 Attorney for Plaintiff
JUSTIN G. HITES, ESQ.
Georgia State Bar No. 823922
Attorney for Plaintiff

**THE LAW FIRM OF BENJAMIN O. BENGTSON**
1100 Circle 75 Pkwy
Suite 460
Atlanta, Georgia 30339
(404) 596-5518
(404) 596-5519 – Fax
ben@boblawfirm.com
jt@boblawfirm.com
ts@boblawfirm.com
dg@boblawfirm.com

State Court of Fulton County
**E-FILED**
24EV011172
12/16/2024 4:13 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

YANPING WEI,

      Plaintiff,

v.

DELTA AIR LINES, INC.,

      Defendant.

CIVIL ACTION NO.:

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served a copy of the foregoing *Request for Admissions, Interrogatories and Request for Production of Documents,* upon the defendants in this action by

☐ U.S. Mail to:

☒ Hand Delivery to:    Delta Airlines c/o Corporation Service Company, R/A
*Defendant*
2 Cun Court, Suite 400
Peachtree Corners, GA 30092

Respectfully submitted this 16th day of December 2024.

*[signature on following page]*

BENJAMIN O. BENGTSON, ESQ.
Georgia State Bar No. 122973 Attorney for Plaintiff
JUSTIN G. HITES, ESQ.
Georgia State Bar No. 823922
Attorney for Plaintiff

**THE LAW FIRM OF BENJAMIN O. BENGTSON**
1100 Circle 75 Pkwy
Suite 460
Atlanta, Georgia 30339
(404) 596-5518
(404) 596-5519 – Fax
ben@boblawfirm.com
jt@boblawfirm.com
ts@boblawfirm.com
dg@boblawfirm.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**24EV011172**
**1/28/2025 2:44 PM**
**Donald Talley, Clerk**
**Civil Division**

## SHERIFF'S ENTRY OF SERVICE

SHERIFF'S ENTRY OF SERVICE

Civil Action No. **24-EV011172**

Date Filed **12/16/2024**

|  |  |  |
|---|---|---|
| Superior Court | ☐ | Magistrate Court ☐ |
| State Court | ☒ | Probate Court ☐ |
| Juvenile Court | ☐ |  |

Georgia, _____ **Fulton** _____ COUNTY

Attorney's Address

**Law Firm of Benjamin O. Bengtson**
**1100 Circle 75 Pkwy, Suite 930**
**Atlanta, GA 30339**

**Yanping Wei**

_____ Plaintiff

Name and Address of Party to be Served.

**Delta Air Lines, Inc.**

VS.

**Delta Air Lines, Inc.**

_____ Defendant

**Corporation Service Company, R/A**

**2 Sun Court, Suite 400, Peachtree Corners, GA 30092**

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____ described as follows:
age, about _____ years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐ Served the defendant _Delta Air Lines, Inc._ a corporation
by leaving a copy of the within action and summons with _Alisha Smith_
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This __13__ day of __January__, 20 _25_.

_B. Woods SM4_

_____ DEPUTY

SHERIFF DOCKET          PAGE          WHITE-CLERK     CANARY-PLAINTIFF     PINK-DEFENDANT

25000716

# SHERIFF'S ENTRY OF SERVICE

## SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. **24-EV011172** | Superior Court ☐    Magistrate Court ☐ |
| Date Filed **12/16/2024** | State Court ☒    Probate Court ☐ |
| | Juvenile Court ☐ |

Georgia, _____ Fulton _____ COUNTY

Attorney's Address

**Law Firm of Benjamin O. Bengtson**
**1100 Circle 75 Pkwy, Suite 930**
**Atlanta, GA 30339**

**Yanping Wei**

_____ Plaintiff

VS.

Name and Address of Party to be Served.

**Delta Air Lines, Inc.**

**Delta Air Lines, Inc.**

_____ Defendant

**Corporation Service Company, R/A**

**2 Sun Court, Suite 400, Peachtree Corners, GA 30092**

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

☒ Served the defendant _Delta Air Lines, Inc._ a corporation by leaving a copy of the within action and summons with _Alisha Smith_ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This _13_ day of _January_, 20 _25_.

B. Woons Smith

_____ DEPUTY

SHERIFF DOCKET     PAGE     WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**    25000716                                              <mark>FOREIGN</mark>



**Person Served:**   DELTA AIR LINES, INC.
C S C, R.A.
2 SUN COURT
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

Date Received:      01/09/2025

Assigned Zone:      2 Sun Court                    Court Case #:    24-EV-011172

Expiration Date:                                   Hearing Date:

Paper Types:        Summons, Complaint for Damages, and Discovery

Notes/Alerts:

**Notes:**

_____

_____

_____

_____

_____

_____

_____